ON REHEARING GRANTED
HOOD, Judge.
We granted a rehearing to reconsider our original conclusion that Mrs. Be- *853 noit had failed to exercise proper care, and that she thus is barred from recovery because of her own contributory negligence. After reviewing the evidence, we have decided that we erred in arriving at that conclusion.
Mrs. Benoit was driving west at a speed of 35 to 45 miles per hour when she first observed the Camelle car ahead of her, parked on the north side of the highway, facing east, partially in her lane of traffic. She reduced her speed when she was from two to four city blocks from Camelle, and she then turned her car slightly to her left to go around the parked vehicle. She testified, however, that when her automobile was “alongside of his car,” Camelle suddenly caused his car to move forward and south, as though attempting to cross the road, and the front part of his car struck the right side of her automobile. She stated that her car was “right by his when he pulled out across the road,” and that the force of the impact knocked her car into a ditch on the south side of the highway.
Mrs. Benoit also testified that immediately after the accident occurred Camelle explained to her that he had suddenly started to cross from the north to the south side of the highway immediately before the cars collided, because “his little grandchild was about to cross the road, so he had to hurry and cross so his little grandchild wouldn’t cross.
Defendant Camelle denies that he moved his vehicle at all immediately prior to or at the time of the accident. He testified that his car remained stationary up to the moment of the collision, and that the right front part of his car was struck by the middle of the right side of the Benoit vehicle. He stated that no skid marks were left on the highway by either vehicle, that the Benoit car did not skid or “bend or slide” on the highway, and that it was not approaching his automobile “sideways” when the vehicles collided. He stated that after the impact the Benoit vehicle traveled a distance of about 35 feet, and came to rest in the ditch on the south side of the highway.
Camelle concedes that immediately before the collision occurred he saw his five-year-old grandchild, and two other children of about the same age, playing on the south shoulder of the highway, directly across the road from the place where he had parked. He stated that his grandchild usually ran to his car to meet him when he drove into the driveway leading to his home on the south side of the road, but he explained that that occurred only when he drove into his carport, and that the child had never run across the highway to meet him. He admitted, however, that he told the investigating officer immediately after the accident occurred that “You know, after all this happened, we are fortunate them children didn’t come into the path of her car.”
The evidence, including four photographs of the Benoit car taken shortly after the accident, establishes that plaintiff’s car was struck violently on its right side, almost in the center of the car, at about the point where the door post between the front and rear doors on the right side of the car is located. The front of the Benoit car, including the entire right front fender, had not been struck and was not damaged.
In our original opinion we felt that Mrs. Benoit had been negligent in attempting to pass too close to the Camelle vehicle, and that her negligence in that respect had caused the side of her car to strike the front of Camelle’s vehicle. Upon reconsidering the evidence, we have concluded that the accident could not have occurred in that manner. Since Mrs. Be-noit’s car did not skid or slide “sideways” at any time before the collision, we believe it would have been impossible for the right side of her automobile to have struck the right front part of the Camelle car, if the latter actually had remained stationary up to the time of the collision. The damage sustained by the Benoit car convinces us that the Camelle vehicle was moving in a *854 southerly direction at the time of the collision, as stated by Mrs. Benoit.
The fact that the impact caused Mrs. Benoit’s car to change its course and come to rest in the ditch on the south side of the highway also tends to corroborate plaintiff’s version of how the accident occurred. It seems logical to us that her car would have come to rest in that position if it had been struck on its right side, or north side, by the Camelle car while the latter was traveling south. We are unable to rationalize, however, how the west-bound Benoit car could have wound up in that position if it had collided with a stationary car on the north side of the road.
We also think Camelle’s admission that he told the investigating officer that it was fortunate that the children had not run into the path of the Benoit vehicle, tends to support plaintiff’s statement that Ca-melle had told her, in substance, that he started to drive across the highway into his own driveway to avoid the danger that his grandchild might run into the path of plaintiff’s vehicle if Camelle had remained parked across the road.
Our conclusion, after reconsidering all of the evidence, is that Mrs. Benoit was free from negligence, and that the sole proximate cause of the accident was defendant Camelle’s negligence in suddenly starting his car and causing it to run into the side of plaintiff’s vehicle. We think plaintiff is entitled to recover the damages which she sustained, and that the trial judge erred in rejecting her demands.
Mrs. Benoit was 53 years of age when the accident occurred. She had sustained a back injury in 1963,' which was diagnosed as a herniated intervertebral disc at the lumbosacral level. No corrective surgery was performed, but her condition apparently became asymptomatic thereafter) since she worked fairly regularly for several years after 1963.
As a result of the accident which occurred on April 2, 1971, Mrs. Benoit sustained injuries consisting of a hematoma of the left forearm, a muscle strain of the left rectus muscle, and muscle strains of the left lumbar area. The evidence indicates also that as a result of the accident a pre-existing degenerative arthritic condition of her spine was aggravated.
The medical treatment which plaintiff received following this accident included hospitalization for three days in April, 1971, and for two days in June of that year. She wore a lumbosacral support for several months after it was prescribed for her on April 27, 1971, and she was still taking medication, primarily for the relief of pain, at the time of the trial which took place about two years after the accident.
She remained under the care of her initial treating physician from the date of the accident until September 17, 1971, or a period of a little more than five months. The same physician treated her on two occasions after that date for conditions unrelated to the accident. She was treated by an orthopaedic surgeon for a period of about six months from and after September 23, 1971. Her treatment, other than hospitalization, has consisted of some ultrasound treatments and medication, the latter being primarily pain relievers and muscle relaxants.
The hematoma on plaintiff’s arm cleared up and disappeared very shortly after the accident occurred, and the evidence convinces us that within a period of five or six months after the accident she recovered from the muscle strains which she had sustained. She still complained of pain or discomfort at the time of the trial, which took place about two years after the accident, but the evidence does not convince us that her present symptoms are causally related to the accident which occurred on April 2, 1971.
In our opinion an award of $5,0.00.00 for all of the injuries which plaintiff sustained, including her pain and suffering, would be fair and adequate. Plaintiff has alleged no loss of wages or other special *855 damages, and the evidence does not indicate that she has sustained any such loss.
For the reasons herein set out, we set aside the judgment which we rendered originally in this case. The judgment appealed from is hereby reversed, and judgment is hereby rendered in favor of plaintiff, Mrs. Loida R. Benoit, and against defendants, Erroll J. Camelle and Southern Pacific Transportation Company, in solido, for the sum of $5,000.00, with legal interest thereon from date of judicial demand until paid, and for all costs of this suit. The costs of this appeal are assessed to said defendants.
Reversed and rendered.
MILLER, J., dissents and assigns written reasons.